### APPEAL OF SOMERS LUMBER CO.

Docket No. 2401. Submitted April 20, 1925. Decided June 23, 1925.

> Where property is sold and the vendor receives as part of the purchase price a second mortgage payable in installments over a period of 12 years, the amount of taxable gain derived from the sale shall be computed by considering the second mortgage at its fair market value, if any, at the time when the transaction was closed.

*John A. Kratz, Esq.*; for the taxpayer.
*L. I. Park, Esq.*, for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

This is an appeal from a determination asserting a deficiency in income and profits taxes for the calendar year 1919 in the amount of $7,245.29. The issue in controversy is the amount, if any, of taxable gain realized from the sale of a hotel property at Atlantic City, N. J.

### FINDINGS OF FACT.

The taxpayer is a corporation having its principal place of business at Atlantic City, N. J.

In 1918 it was the owner of a second mortgage upon certain land and a building located on St. Charles Place, Atlantic City, and known as the Raleigh Hotel, against which there also was outstanding a first mortgage of $50,000, and against which there were also other liens subsequent to the taxpayer's second mortgage. The taxpayer foreclosed its second mortgage and was compelled to buy in the property at the foreclosure sale in January, 1918, subject to the lien of the first mortgage in the amount of $50,000. The purchase price, together with some improvements made by the taxpayer during the year 1918, amounted to $109,272.97.

In the year 1919 the taxpayer sold this property to a purchaser who assumed the obligations of the outstanding first mortgage of $50,000, gave to the taxpayer a second mortgage, bearing 6 per cent interest, for the amount of $65,000, and paid $25,075.38 in cash, the purchase price totaling $140,075.38.

The reasonable depreciation upon the hotel building and properties during the year 1918 has been computed by the Commissioner at $1,926.19, and this amount is accepted as reasonable depreciation by the taxpayer.

The principal of the second mortgage given by the purchaser was payable as follows: $4,000 on September 1, 1920; $6,000 annually on September 1 from September 1, 1921, to September 1, 1930, inclusive; and $1,000 on September 1, 1931.

At or about the time of the completion of this selling transaction the taxpayer, estimating that the said second mortgage had a fair market value of 80 per cent of its face value, entered the said second mortgage upon its books of account as of the date of its receipt as a mortgage receivable in the amount of $52,000.

In making its income-tax return for the year 1919 the taxpayer included in gross income, as a gain growing out of the sale of the Raleigh Hotel, the amount of $30,802.41, but did not take into consideration the depreciation upon the hotel property for the year 1918. The taxpayer now contends that its return of $30,802.41 as a gain derived from this transaction was erroneous and that it should be charged with a gain of only $19,730.60.

### DECISION.

The liability of the taxpayer to income and profits taxes for the year 1919 should be recomputed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice, pursuant to Rule 50.

## OPINION.

TRUSSELL: The record of this appeal shows that in January, 1918, the taxpayer acquired the Raleigh Hotel property at Atlantic City, which, together with some improvements less admitted depreciation, in November, 1919, had cost $57,344.78. In November, 1919, the taxpayer sold this property and received in exchange therefor $25,075.38 in cash and a second mortgage in the amount of $65,000, payable in installments over a period of 12 years and bearing interest at 6 per cent. What was the amount of taxable gain realized from this transaction during the year 1919?

The Revenue Act of 1918 contains this provision:

> When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *. Sec. 202 (b).

In the instant case the taxpayer received in exchange for its property a mixed consideration of cash and other property, and we are satisfied that the foregoing language of the taxing statute must be applied in determining the value of the total consideration. What, then, was the value in November, 1919, of the second mortgage of $65,000?

The treasurer of the taxpayer corporation has testified that, after thorough consideration of the matter and upon consultation with its bankers, it determined that the value of this second mortgage at the date of its receipt was 80 per cent of its face value, and that it did then enter this second mortgage upon its books of account as a mortgage receivable in the amount of $52,000.

William A. Faunce, a witness for the taxpayer, testified that, since 1883, he has been continuously engaged in the real estate and insurance business at Atlantic City; that at the present time he is, and for a number of years past has been, a director of one of its leading financial institutions; that he is thoroughly familiar with property values and mortgage security values in Atlantic City in general, and is also well acquainted with the particular property involved in the transaction here under consideration. He testified that there was no general market for second mortgages and that such securities could be sold only at a considerable discount. In illustration of this fact he cited the case of another hotel property at Atlantic City which, in the year 1922, had a value of at least two and a quarter million dollars. There was issued against said property a first mortgage bond issue of $1,000,000 which was sold at 90 cents on the dollar, and a second mortgage of $350,000 bearing interest at 8 per cent, and the bonds secured by this second mortgage were sold at 85 cents on the dollar.

Basing his opinion upon his general knowledge of property values and mortgage security values in Atlantic City, and upon the particular instance above cited, the witness testified that in his judgment the second mortgage here under consideration was not worth more than $45,500.

The fair market value of a property is the amount which an owner, not under necessity of selling, is willing to take, and which another person, not under any necessity of buying, is willing to pay for such a property. In the absence of a sale, the value of a property can be proven by proper opinion evidence. Here we have the opinion of the owners of a property placing thereon a value of $52,000, and the opinion of a person experienced in the real estate business, familiar with all property and security values in the immediate vicinity of the property in question, that the same property was not worth in excess of $45,500. No other or contradictory evidence was furnished at the trial of this appeal, and we are thus led to the conclusion that the second mortgage about which this controversy arises had, when received by the taxpayer in 1919, a then present value of $52,000, and that the amount of gain with which this taxpayer can be lawfully charged with having received during the year 1919 is the difference between the said sum of $52,000 plus $25,075.38, and the sum of $57,344.78, the cost of the property sold. The taxpayer's liability to income and profits taxes for the year 1919 should be recomputed on the basis of a gain realized during the year 1919 from the sale of the Raleigh Hotel property, amounting to $19,730.60, plus depreciation which should have been taken in 1918. See *Appeal of Even Realty Co.*, 1 B. T. A. 355.